UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

SUSAN MCNEALY-MINOR,
        Plaintiff,

v.

STEPHEN BOURNE,
        Defendant.

Case No. 20-cv-02338-VKD

**ORDER GRANTING DEFENDANT'S MOTION TO DISMISS**

Re: Dkt. No. 8

Plaintiff Susan McNealy-Minor sues defendant Stephen Bourne for alleged breach of contract. Invoking the first-to-file rule, Mr. Bourne now moves to dismiss this action in favor of his lawsuit against Ms. McNealy-Minor pending in the Eastern District of North Carolina. Alternatively, he moves to stay the present action or to transfer it to North Carolina. Ms. McNealy-Minor opposes the motion. Upon consideration of the moving and responding papers, as well as the arguments presented at the June 16, 2020 hearing, the Court grants Mr. Bourne's motion to dismiss.[1]

**I.  BACKGROUND**

This action arises out of the termination of the parties' romantic relationship. According to Ms. McNealy-Minor's complaint, the parties met approximately 10 years ago, when they both lived in California, and eventually got engaged. Dkt. No. 1 ¶¶ 5, 7. Mr. Bourne's children reportedly were not happy about the engagement. The parties put their engagement on hold and attended couples therapy in Palo Alto, California. *Id.* ¶ 8. Ms. McNealy-Minor alleges that

---

[1] All parties have expressly consented that all proceedings in this matter may be heard and finally adjudicated by a magistrate judge. 28 U.S.C. § 636(c); Fed. R. Civ. P. 73; Dkt. Nos. 4, 7.

1  around this same time, Mr. Bourne requested that she quit her job, so that she would have more
2  time to accompany him on trips to his vacation home in North Carolina, and to assist with the
3  duties of homemaking, cooking, cleaning, shopping, and being social hostess to Mr. Bourne's
4  friends and family. *Id.* ¶ 9. In exchange, Mr. Bourne reportedly promised to provide for Ms.
5  McNealy-Minor financially. *Id.* Allegedly, at the suggestion of their therapist, the parties entered
6  into an oral agreement whereby Mr. Bourne would pay Ms. McNealy-Minor $110,000 per year for
7  every year they were together, in the event one of the parties ended the relationship, as
8  compensation for the above-described services Ms. McNealy-Minor agreed to perform. *Id.* ¶ 11.
9  The relationship came to an end in 2019, and Ms. McNealy-Minor claims that Mr. Bourne has not
10 paid the compensation owed under their alleged agreement.

On October 24, 2019, Mr. Bourne, who now resides in North Carolina, filed a declaratory relief action in North Carolina state court, seeking a judgment that he is not indebted, obligated or liable to Ms. McNealy-Minor. Dkt. No. 8-2. Asserting diversity jurisdiction under 28 U.S.C. § 1332, Ms. McNealy-Minor removed that lawsuit to the U.S. District Court for the Eastern District of North Carolina, and subsequently moved to dismiss the action for lack of personal jurisdiction or, alternatively, to transfer the matter to the Northern District of California. Dkt. No. 8-2 ¶ 4.

While her motion to dismiss was pending, Ms. McNealy-Minor filed the present lawsuit in California state court on February 27, 2020, and Mr. Bourne removed the matter here on April 7, 2020. Dkt. No. 1. On March 27, 2020, the North Carolina court denied Ms. McNealy-Minor's motion to dismiss or transfer Mr. Bourne's lawsuit. Dkt. No. 8-2 at ECF 36-49. Ms. McNealy-Minor answered Mr. Bourne's complaint and asserted counterclaims for breach of express contract, breach of implied contract, promissory fraud and quantum meruit. *Id.* at ECF 51-62. The North Carolina court has set a case schedule. *Id.* at ECF 5-8.

Mr. Bourne contends that under the first-to-file rule, the present California action should be dismissed (or alternatively, stayed or transferred) in favor of his suit pending in North Carolina.

## II. DISCUSSION

The first-to-file rule is "a generally recognized doctrine of federal comity which permits a district court to decline jurisdiction over an action when a complaint involving the same parties and issues has already been filed in another district." *Pacesetter Sys., Inc. v. Medtronic, Inc.*, 678 F.2d 93, 94-95 (9th Cir. 1982). The rule is designed to promote efficiency and "should not be disregarded lightly." *Alltrade, Inc. v. Uniweld Products, Inc.*, 946 F.2d 622, 625 (9th Cir. 1991) (internal quotations and citation omitted). The rule "is not a rigid or inflexible rule to be mechanically applied, but rather is to be applied with a view to the dictates of sound judicial administration." *Pacesetter Sys., Inc.*, 678 F.2d at 95. The decision whether to accept or decline jurisdiction based on the first-to-file rule is a matter within the district court's discretion. *Alltrade, Inc.*, 946 F.2d at 625, 628.

The parties do not dispute that the first-to-file rule applies. Indeed, Mr. Bourne's North Carolina action preceded the present lawsuit by several months, and his complaint concerns the same parties and issues. The main point of contention is whether the rule should be disregarded for equitable reasons.[2] "The circumstances under which an exception to the first-to-file rule typically will be made include bad faith, anticipatory suit, and forum shopping." *Alltrade, Inc.*, 946 F.2d at 628 (internal quotations and citations omitted). The party seeking to deviate from the rule has the burden to show that circumstances justifying an exception exist. *Citigroup, Inc. v. City Holding Co.*, 97 F. Supp. 2d 549, 555-56 (S.D.N.Y. 2000). Ms. McNealy-Minor argues that Mr. Bourne's action is an anticipatory lawsuit filed for forum shopping purposes. Additionally, she contends that convenience and equity favor proceeding in California rather than in North Carolina.

"A suit is 'anticipatory' for the purposes of being an exception to the first-to-file rule if the

---

[2] Mr. Bourne notes that issues concerning exceptions to the first-to-file rule ordinarily are addressed to the court in the first-filed action. *See Alltrade, Inc.*, 946 F.2d at 628 (observing that the convenience of the two courts is a matter that normally is raised with the court in the first-filed action); *Citigroup, Inc. v. City Holding Co.*, 97 F. Supp. 2d 549, 556 n.4 (S.D.N.Y. 2000) (noting that generally "it is the court in which the first-filed action was brought that should decide whether an exception to the first-filed rule applies."). However, at oral argument Mr. Bourne agreed that this Court need not abstain from ruling on the issues presented, and the Court finds no basis to do so.

plaintiff in the first-filed action filed suit on receipt of specific, concrete indications that a suit by the defendant was imminent." *Guthy-Renker Fitness, LLC v. Icon Health & Fitness, Inc.*, 179 F.R.D. 264, 271 (C.D. Cal. 1998); *see also Ward v. Follett*, 158 F.R.D. 645, 648 (N.D. Cal. 1994) (same). "Such anticipatory suits are disfavored because they are examples of forum shopping." *Guthy-Renker Fitness, LLC*, 179 F.R.D. at 271. The record presented here contains two communications that preceded the filing of Mr. Bourne's complaint. On April 19, 2019, Ms. McNealy-Minor's brother sent an email to Mr. Bourne, asking him to contact Ms. McNealy-Minor "asap" to resolve their differences. Dkt. No. 8-1 at ECF 14. The email further noted that Mr. Bourne's non-response meant that the "situation will proceed promptly via formal legal proceedings" and "seems to indicate that a legal process is the only way to resolve the differences." *Id*. Although this email suggests that some sort of "formal legal proceedings" were contemplated, months passed without the institution of any legal proceedings, formal or otherwise. Approximately six months after the email from Ms. McNealy-Minor's brother, on October 7, 2019 Ms. McNealy-Minor's counsel sent a letter to Mr. Bourne, stating the factual and legal basis for her position. Dkt. No. 9-1 at ECF 4-5. Ms. McNealy-Minor argues that this letter made it clear that absent a resolution of the issues, she intended to file suit. The letter's content, however, indicates that the opposite is true. The letter's only references to litigation are statements expressing Ms. McNealy-Minor's desire to avoid litigation. *See id.* at 5 ("Ms. McNealy-Minor wishes to resolve her rights to compensation with you without the necessity of litigation. . . . We look forward to your response to this correspondence and are hopeful that we may promptly resolve this matter without the need for litigation."). Neither the April 19, 2019 email nor the October 7, 2019 letter provided Mr. Bourne with a specific, concrete indication of imminent suit, and Mr. Bourne's North Carolina action is not an "anticipatory lawsuit" justifying a departure from the first-to-file rule. *See, e.g., Guthy-Renker Fitness, LLC*, 179 F.R.D. at 271 (finding no basis to conclude that the first-filed action was an anticipatory suit where the pre-lawsuit letter in question "at best amount[ed] to veiled threats of legal action against Plaintiff."); *Ward*, 158 F.R.D. at 649 (finding that the anticipatory suit exception to the first-to-file rule did not apply where the first-filed "suit was not brought pursuant to a notice-of-suit letter or any other concrete indication

that [the plaintiff's] own suit was imminent."). *Cf. Inherent.com v. Martindale-Hubbell*, 420 F. Supp. 2d 1093, 1099-1100 (N.D. Cal. 2006) (concluding that the first-filed action was an anticipatory lawsuit where the pre-suit letter stated that "unless a settlement is reached within five (5) business days a lawsuit will be filed," and instead of responding to the letter, the opposing party filed its own lawsuit at the end of the five-day period.); *Z-Line Designs, Inc. v. Bell'O Int'l, LLC*, 218 F.R.D. 663, 666 (N.D. Cal. 2003) (concluding that the first-filed suit was an anticipatory action where the plaintiff filed its complaint one day before the final deadline by which the opposing party stated it intended to file suit if the matter was not resolved).

Ms. McNealy-Minor nonetheless argues that equity and convenience favor proceeding in California, rather than in North Carolina. Contending that California law applies because the parties' alleged contract was formed here, Ms. McNealy-Minor argues that it would be unjust to require her claims to be litigated in North Carolina, a forum that she says does not have the same body of law regarding palimony claims. To the extent California law applies, however, other federal courts are fully capable of applying California law. *See generally Bennett v. Hosting.com, Inc.*, No. C-08-3792 SC, 2008 WL 4951020, at *3 (N.D. Cal. Nov. 18, 2008).

Ms. McNealy-Minor further argues that based on a recent conversation with the parties' therapist, Dr. Carrie Leontis,[3] live testimony will be required to test Dr. Leontis's credibility. Because Dr. Leontis is located in California, and because she reportedly is the only non-party percipient witness to the parties' alleged agreement, Ms. McNealy-Minor argues that the litigation should proceed here. According to Ms. McNealy-Minor, Dr. Leontis stated that she does not want to be involved in this dispute, refused to confirm or deny whether there was any discussion about compensation for the value of services Ms. McNealy-Minor says she performed in the relationship, and instead took the position that nothing said in therapy is admissible. Dkt. No. 9-2 ¶ 4. Ms. McNealy-Minor argues that as a lay person, Dr. Leontis has no basis to opine about legal matters such as the admissibility of evidence. However, that is not an issue that implicates Dr. Leontis's credibility, and any testimony elicited from her likely will be based on her understanding

---

[3] Ms. McNealy-Minor notes that Dr. Leontis's surname may now be Stineman. Dkt. No. 9 at 2 n.1. However, both sides refer to her as Dr. Leontis. For convenience, the Court will do the same.

or recollection of facts, not her opinions on the law. Moreover, Ms. McNealy-Minor acknowledged at oral argument that Dr. Leontis's testimony can be obtained through, for example, audiovisual methods, and she has not articulated a reason why it is important for the trier of fact to consider Dr. Leontis's live testimony in California.

In sum, the Court finds no basis to depart from the first-to-file rule. As noted above, Ms. McNealy-Minor has asserted affirmative counterclaims in the North Carolina action, and she acknowledged at the motion hearing that there is no reason why the present action should be stayed or transferred to North Carolina. Accordingly, the present action is dismissed.

## III. CONCLUSION

Based on the foregoing, Mr. Bourne's motion to dismiss this action is granted. The Clerk of the Court shall enter judgment accordingly and close this file.

**IT IS SO ORDERED.**

Dated: June 24, 2020

*Virginia K. DeMarchi*
VIRGINIA K. DEMARCHI
United States Magistrate Judge